IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II LLC, <br><br> *Plaintiffs,* <br><br> v. <br><br> HONDA MOTOR CO., LTD., ET AL., <br><br> *Defendants.* | **Civil Action No. 2:21-cv-00390-JRG-RSP** <br> (Lead Case) |
| INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II LLC, <br><br> *Plaintiffs,* <br><br> v. <br><br> TOYOTA MOTOR CORP., ET AL. <br><br> *Defendants.* | **Civil Action No. 2:21-cv-00389-JRG-RSP** <br> (Member Case) |

**DEFENDANTS' MOTION TO RE-OPEN CLAIM CONSTRUCTION FOR U.S. PATENT NO. 10,292,138**

Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A, Inc. (collectively "Toyota") respectfully seek leave to re-open claim construction briefing for the limited purpose of briefing the term "a subset of the plurality of radio bearers." This term was construed by the Patent Trial and Appeal Board ("PTAB") on January 3, 2023 in IPR 2022-01127, adopting IV's proposed construction. Neither IV nor Toyota previously proposed this same term for construction in this proceeding. In view of the recent construction by the PTAB, however, Toyota believes the term should be included as a construed term in this case.

1

The parties discussed this issue during a meet-and-confer on January 12, 2022. IV refused to take a position.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties exchanged proposed terms for construction on September 20, 2022. The term "a subset of the plurality of radio bearers" was not proposed by either party, although the following broader term was initially proposed (and later withdrawn) by Toyota:

> "wherein in the first iteration, the selection of the data is selected from a subset of the plurality of radio bearers based on the received parameters."

On October 10, IV submitted its Patent Owner's Preliminary Response ("POPR") in IPR2022-01127, regarding the '138 Patent. IV's POPR proposed to construe the term "a subset of a plurality of radio bearers" to mean "less than all of the plurality of radio bearers."

On January 3, 2023, the PTAB denied institution in IPR2022-01127, adopting and relying on IV's construction of "a subset of the plurality of radio bearers." On January 10, Toyota reached out to IV to ask that the parties add IV's construction from IPR2022-01127 to the joint claim construction chart as an agreed-upon construction in this case, but IV was unwilling to do so. The parties met and conferred on this issue on January 12 and were unable to come to a resolution. The claim construction hearing in this case is currently scheduled for February 1, 2023.

## II. ARGUMENT

Toyota believes that the PTAB's January 3, 2023 construction for "a subset of the plurality of radio bearers" as "less than all of the plurality of radio bearers" should be mirrored in this Court. Because IV refuses to include this construction (which *IV itself* proposed to the PTAB and the PTAB adopted) as an agreed-upon construction in this case, there is now a genuine dispute over this term that is ripe for this Court to consider. By resolving the parties' dispute over this term

now, the Court can avoid leaving this disputed claim construction issue to the jury at trial. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) (vacating and remanding where "the district court failed to adjudicate the parties' dispute regarding the proper scope of 'only if' [before] the parties presented their arguments to the jury").

Toyota proposed the following abbreviated briefing schedule in an email to IV on January 10 and during its meet-and-confer with IV on January 12:

- IV opening brief (4 pages) -- January 16, 2023
- Toyota responsive brief (4 pages) -- January 20, 2023
- IV reply brief (2 pages) -- January 25, 2023

IV took no position on this proposed briefing schedule during the meet-and-confer. In light of the short time between now and the Markman hearing on February 1, an alternative briefing schedule with only an opening and response brief might be more appropriate. For example:

- Toyota opening brief (4 pages) -- January 19, 2023
- IV responsive brief (4 pages) -- January 25, 2023

### III.  CONCLUSION

For the foregoing reasons, Toyota submits that good cause exists for re-opening claim construction for the term "subset of the plurality of radio bearers," according to an abbreviated briefing schedule that will allow the Court to consider it fully prior to the Markman hearing on February 1. Toyota respectfully requests that the Court grant this motion.

Dated:  January 13, 2023               RESPECTFULLY SUBMITTED,

*/s/ James R. Barney*
James R. Barney (*Pro hac vice*)
Karthik Kumar, Ph.D. (*Pro hac vice*)
Aidan C. Skoyles (*Pro hac vice*)

Luke J. McCammon (*Pro hac vice*)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel. (202) 408-4000

Theodore Stevenson, III (TX Bar No. 19196650)
Brady Randall Cox (TX Bar No. 24074084)
ALSTON & BIRD LLP
2200 Ross Ave
Dallas, TX 75201
Tel. (214) 922 3400

Holly H. Saporito
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Tel. (404) 881-7000

Michael C. Smith (TX Bar No. 18650410)
SCHEEF & STONE, LLP
State Bar No. 18650410
113 E. Austin Street
Marshall, Texas 75670
Office: (903) 938-8900
michael.smith@solidcounsel.com

*Counsel for Defendants Toyota Motor Corp., Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc.; and Toyota Motor Sales, U.S.A., Inc.*

4

5

**CERTIFICATE OF CONFERENCE**

      I hereby certify that the parties met and conferred with respect to this motion as required by Local Rule CV-7(h) via Zoom on January 12, 2023. James Barney, Aidan Skoyles, Luke McCammon, Brady Cox, and Ted Stevenson represented all Defendants. John Downing and Allen Gardner represented Plaintiffs. Counsel for Defendants explained the relief sought herein and the reasons for it, but Plaintiffs refused to take a position.

                                                                          */s/ Aidan Skoyles*

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on January 13, 2023, via the Court's CM/ECF system.

*/s/ Ashley Dial*